

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00172-CR
_____

GARY CARSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 14F0161-102

Before Morriss, C.J., Burgess and Moseley,* JJ.
Memorandum Opinion on Remand by Chief Justice Morriss

_____

*Bailey C. Moseley, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION ON REMAND

Gary Carson was convicted on open guilty pleas in the 102nd Judicial District Court in Bowie County, Texas, of three counts[1] of assault on public servants who were performing public servant duties (TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2018)), the penalties being enhanced by previous convictions (TEX. PENAL CODE ANN. § 12.425 (West Supp. 2018)), and three counts of bail jumping (TEX. PENAL CODE ANN. § 38.10 (West 2016)). *Carson v. State*, 515 S.W.3d 372, 374 (Tex. App.—Texarkana 2017), *rev'd*, *Carson v. State*, Nos. PD-0205-17, PD-0206-17, PD-0207-17, PD-0208-17, 2018 WL 4472228, at *5 (Tex. Crim. App. Sept. 19, 2018). Carson executed a written waiver of his right to appeal, and after a trial on punishment, the trial court sentenced him to fifty years' imprisonment in each of the assault cases and ten years' imprisonment in each of the bail jumping cases.[2] *Id.* This Court reversed and remanded the case for a new trial on punishment, having found that Carson's waiver of appeal was invalid and that fundamental error was committed at sentencing. *Id.* at 385–86. The Texas Court of Criminal Appeals found that Carson's waiver was valid, reversed our judgment, and remanded the case to this Court for consideration of Carson's heretofore unaddressed argument.

---

[1]The charges were made through four separate indictments. Carson has filed a single brief raising the same issues in all four cases. We reach the same result in the other three cases, released today in separate opinions in cause numbers 06-15-00170-CR, 06-15-00171-CR, and 06-15-00173-CR.

[2]The assault charges were enhanced by two prior felony convictions, to which Carson pled true. The fifty-year sentences were to run concurrenly to each other, and the ten-year sentences were to run concurrently to each other, but consecutively to the fifty-year sentences.

Here, Carson appeals from his conviction for assaulting Sergeant James Michael. He contends that despite the waiver, he may still appeal his conviction under the *Young* exception.[3] *Carson*, 2018 WL 34472228, at *5.

We addressed this issue in detail in our opinion of this date on Carson's appeal in cause number 06-15-00170-CR. For the reasons stated therein, we likewise overrule Carson's point of error here.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 25, 2018
Date Decided:       January 9, 2019

Do Not Publish

---

[3] Because the underlying facts of the case have been discussed in detail in our prior opinion this case, we address only those facts relevant to the point of error presented on remand.